*CECELIA CAVEY v. CINCINNATI (CITY).

MUNICIPALITY LIABLE FOR INJURIES INCURRED BY PEDESTRIAN'S FALLING
OVER UNGUARDED RETAINING WALL ADJACENT TO SIDEWALK.

The lines of a street and sidewalk adjacent to an unguarded
precipitous retaining wall, being so near as to create an im-
pression that the wall is within the line of the sidewalk, make
the municipality liable for injuries incurred by a pedestrian's
falling over such wall; a variance between the allegations of the
petition and proof as to the location of the wall is immaterial.

ERROR to common pleas court.

C. F. Williams and Outcalt & Hickenlooper, for plaintiff
in error.

A. H. Morrill, for defendant.

GIFFEN, P. J.

Interrogatory No. 1 when strictly construed is not relevant
to the issues and is misleading. It is as follows:

"Was the sidewalk within the limits of the lines of Oregon
street, at the place where the plaintiff was injured, in a rea-
sonably safe condition for travel in the ordinary modes?"
Answer: "Yes."

This was equivalent to asking the jury whether a traveler
or footman who kept within the limits of the lines of the street
would be safe. No such issue was presented by the pleadings.
The danger lay not within the lines of the street, but adjacent,
and consisted of a precipitous retaining wall, over which a
footman using the sidewalk in the ordinary way might fall,
not because within the lines of the street, but because so near
them that such result might and would be reasonably antici-
pated.

Interrogatory No. 13 is as follows:

"Was the street and sidewalk within the limits of Oregon
street, at the point where and at the time when plaintiff was

---

*Affirmed, no op., Cavey v. Cincinnati, 85 O. S. 000; 56 Bull. 376.

injured, dangerous under ordinary circumstances to persons using ordinary care to keep upon the proper path?" Answer: "No."

Strictly speaking neither the street nor sidewalk was in itself dangerous, but the nearness of the sidewalk to a steep unguarded wall made it dangerous for use in the ordinary mode.

The answer to interrogatory No. 14 that the city had no notice of the dangerous condition is not material, as it existed so long that the law presumes notice.

The answers to interrogatories 2, 5, 6, 11 and 12 are consistent with the general verdict in ·favor of the plaintiff, and determine the essential facts in issue. It follows therefore that the court erred in rendering judgment for the defendant.

The variance between the allegation of the petition and the proof of the location of the wall is not material, because to the ordinary observer it was a part of the sidewalk and within the limits of the street, although in fact without. The liability of a municipal corporation for not guarding against a danger so near the sidewalk is recognized in the case of *Kelley* v. *Columbus*, 41 Ohio St. 263.

Judgment reversed and judgment for plaintiff in error on the authority of *Cincinnati Gas & Elec. Co.* v. *Archdeacon*, 80 Ohio St. 27.

**Smith** and **Swing, JJ.**, concur.